IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

CASE NO: 2020-CA-004294-O

YASENKA DELGADO,

    Plaintiff,

vs.

WAL-MART STORES EAST, LP., A
Foreign Profit Corporation, and
ANGEL RAMIREZ

    Defendant.

_____/

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, YASENKA DELGADO, by and through her undersigned counsel, hereby sues Defendants, WAL-MART STORES EAST, LP, (hereafter "WALMART") and ANGEL RAMIREZ (hereinafter "RAMIREZ") and alleges as follows:

**JURISDICTION AND VENUE**

1.    This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. Venue is proper in Orange County, because that is where the incident giving rise to this action occurred.

3. At all times material hereto, Plaintiff, YASENKA DELGADO, was a natural person residing in Orlando County, Florida.

4. At all times material hereto, Defendant WALMART, was and is a foreign corporation licensed under the laws of Arkansas with its principal place of business in Bentonville, Arkansas conducting substantial business in Florida, including Orange County, Florida.

5. At all times material hereto, Defendant, WALMART, was authorized, licensed, and actually conducting substantial business in Orange County, Florida.

6. At all times material hereto, Defendant WALMART, owned and operated a business known as WalMart Neighborhood Market #5875, located at 12550 S. Orange Blossom Trail, Orlando, FL 32837 (hereinafter "Premises").

7. Upon information and belief, Defendant, RAMIREZ, is a natural person working in Orange County, Florida.

**FACTS REGARDING THE INCIDENT**

8. On or about June 12, 2019, Plaintiff, YASENKA DELGADO, visited Defendant, WALMART'S, premises located at the aforementioned address

9. On or about June 12, 2019, Defendant, RAMIREZ, was the Store Manager of Defendant, WALMART, Store #5875.

10. At all times material hereto, Defendant, WALMART, individually and/or by and through its property management company, agents, servants, employees, and/or sub-contractors,

2

maintained the aforesaid Premises, including merchandise placement, thereby creating a hazardous and dangerous condition.

11. At said time and place, Plaintiff was an invitee, lawfully upon the premises of the Defendant, who owed Plaintiff a duty to exercise reasonable care for her safety.

12. On or about June 12, 2019, Plaintiff, YASENKA DELGADO, sustained severe and permanent injuries while on Defendant, WALMART's, Premises. Specifically, Plaintiff slipped and fell on a banana peel while on the Premises.

## COUNT I
## CLAIM OF NEGLIGENCE AGAINST DEFENDANT, WALMART INC.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1-7 and 8-12 above, and further states:

13. Defendant, WALMART, was at all times material herein, in possession and control of the Premises described hereinabove where Plaintiff fell and was subsequently injured.

14. At all times material hereto, Defendant, WALMART, had a non-delegable duty to maintain its property in a reasonable safe condition and to exercise reasonable care in the maintenance, general upkeeps, and routine inspections of said property to ensure that its property, including all floors and walkways, were safe as to prevent any foreseeable risk of injury to its invitees.

15. At all times material hereto, Defendant, WALMART, breached its duty owed to Plaintiff by committing one or more of the following omissions or commissions:

   a) Negligently failing to maintain or adequately maintain flooring and walkways , on the premise, thus creating a hazardous condition to members of the public, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b) Negligently failing to inspect or adequately inspect flooring and walkways, as specified above, to ascertain whether the flooring and walkways, constituted a hazard to customers, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

c) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the flooring and walkways when Defendant knew or through the exercise of reasonable care should have known that said flooring and walkways were unreasonably dangerous and that Plaintiff was unaware of same; and

d) Negligently failing to correct or adequately correct the unreasonably dangerous condition of the flooring and walkways on Defendant's premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care.

e) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting/maintaining the premises for dangerous conditions;

f) Negligently failing to train and/or inadequately training its employees to inspect the premises for dangerous conditions;

g) Negligently failing to train and/or inadequately training its employees to clean/maintain flooring causing a dangerous condition;

h) Negligently failing to follow its own corporate policy(ies) and procedures regarding the dangerous condition;

i) Negligently failing to act reasonably under the circumstances;

j) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including Plaintiff herein;

k) Negligently failing to render aid to the Plaintiff after her fall; and/or negligently rendering aid to the Plaintiff after the cases of water fell on her; and,

l) Negligently engaging in a routine practice of business that was unreasonable to what is customary for the business community in and/or around where the subject incident occurred.

16. As a result, while Plaintiff was visiting Defendant's business, Plaintiff slipped and fell on a banana peel while walking on the Premises.

17. As a direct and proximate result of the negligence of Defendant, WALMART, Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, YASENKA DELGADO, sues the Defendant, WAL-MART STORES EAST, LP, for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), and demands trial by jury of all issues so triable.

## COUNT II
## CLAIM OF NEGLIGENCE AGAINST DEFENDANT, ANGEL RAMIREZ

Plaintiff realleges and incorporates herein by reference paragraphs 1-7 and 8-12, and 13-17 above, and further states:

18. At all times material to this action Defendant, RAMIREZ, was employed by Defendant, WALMART, as a manager and was directly responsible for maintaining, managing, supervising and/or operating the subject store and therefore is personally liable to Plaintiff. *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st DCA 2006); *Orlovsky v. Solid Surf*, 405 So. 2d 1363, 1364 (Fla. 4th DCA 1981).

19. At all times material to this action, Defendant, RAMIREZ, was directly responsible for executing Defendant, WALMART's policies of store management and was personally involved in Defendant, WALMART's previously described tortious conduct and is therefore personally liable to Plaintiff. *White*, 918 So. at 358; *Orlovsky*, 405 So. 2d at 1364.

20. At all material times and by virtue of his position with Defendant, WALMART, Defendant, RAMIREZ, owed Plaintiff a non-delegable duty to maintain the store in a reasonably safe and clean condition and to warn Plaintiff of any latent dangers in the store, or on its premises and for supervising the employees working at said premises to ensure that they reasonably and safely maintained, inspected, and/or warned the subject premises consistent and in compliance with the Defendant, WALMART's policies and procedures, and was reasonably customary for the business community in and/or around where the subject incident occurred and for the subject weather conditions that caused the subject incident.

21. At said time and place, Defendant, RAMIREZ, breached his duty owed to Plaintiff by committing one or more of the following omissions or commissions:

a. Negligently failing to maintain or adequately maintain the flooring and walkways, on the premise, thus creating a hazardous condition to members of the public, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b. Negligently failing to inspect or adequately inspect the flooring and walkways, as specified above, to ascertain whether the flooring and walkways, constituted a hazard to customers, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

c. Negligently failing to inspect or adequately warn the Plaintiff of the danger of the flooring and walkways, when Defendant knew or through the exercise of reasonable care should have known that said flooring and walkways, were unreasonably dangerous and that Plaintiff was unaware of same; and

d. Negligently failing to correct or adequately correct the unreasonably dangerous condition of the flooring and walkways, on Defendant's premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care.

e. Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting/maintaining the premises and merchandise for dangerous conditions;

f. Negligently failing to train and/or inadequately training its employees to inspect the premises for dangerous conditions;

g. Negligently failing to train and/or inadequately training its employees to clean/maintain flooring causing a dangerous condition;

h. Negligently failing to follow its own corporate policy(ies) and procedures regarding the dangerous condition;

i. Negligently failing to act reasonably under the circumstances;

j. Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including Plaintiff herein;

k. Negligently failing to render aid to the Plaintiff after her fall; and/or negligently rendering aid to the Plaintiff after she fell; and,

l. Negligently engaging in a routine practice of business that was unreasonable to what is customary for the business community in and/or around where the subject incident occurred.

22. As a result, while Plaintiff was visiting Defendant's business, Plaintiff slipped and fell on a banana peel, sustaining injuries as set forth.

23. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, inconvenience, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money both in the past and into the future. The losses are either permanent or continuing and Plaintiff will suffer these losses into the future and has already suffered same in the past.

WHEREFORE, the Plaintiff, YASENKA DELGADO, sues the Defendant, ANGEL RAMIREZ, for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), and demands trial by jury on all issues so triable.

## TRIAL BY JURY

Plaintiff, YASENKA DELGADO, respectfully demands a trial by jury of all issues and counts so triable herein.

**RESPECTFULLY** submitted this 11th day of August, 2020.

/s/ *Ady A. Goss*
Ady A. Goss, Esquire
FBN 1000356
Ryan P. Rudd, Esquire
FBN 54531
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Telephone:   (407) 420-1414
Facsimile:    (407) 204-2208
Primary email: agoss@forthepeople.com
rrudd@forthepeople.com
Secondary email: ckittel@forthepeople.com
Attorneys for Plaintiff